Argued June 16, affirmed July 21, reconsideration denied
September 4, petition for review denied October 14, 1975

PALMER, ALBERT, *Petitioner, v.* OREGON
STATE PENITENTIARY (01-75-039) (4323),
*Respondent.*

537 P2d 1168

*Robert C. Cannon,* Deputy Public Defender, Salem,
argued the cause for petitioner. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and
THORNTON, Judges.

THORNTON, J.

This is a prison disciplinary review proceeding.
Petitioner was found guilty by a disciplinary commit-

tee of major disruptive behavior and attempting to commit a major violation (riot).

Petitioner contends that the disciplinary committee failed to follow the rules of the Corrections Division with respect to the use of statements obtained from unidentified informants. Specifically, petitioner asserts that the record of the hearing lacks evidence from which the disciplinary committee could find good cause to believe that the informant would be "in jeopardy or at unusual risk of harm if his identity and statement were revealed." Rule IV(5)(d).[①]

The report of violation of institution rules filed against petitioner by the assistant superintendent of inmate management was based entirely upon information received from several unidentified informants.

We have examined the record before us and conclude that the disciplinary committee followed the rules of the Corrections Division and that there is no error. The disciplinary committee did make a finding that there was good cause to believe the unidentified

---

[①] Rule IV(5)(d) of the Corrections Division Procedures for Disciplinary Action provides:

"Information derived from unidentified informants may be received by the disciplinary committee as evidence providing:

"(1) The disciplinary committee must find good cause to believe that an individual would be in jeopardy or at unusual risk of harm if his identity and statement were revealed,

"(2) The record must contain information from which the disciplinary committee can reasonably conclude that the informant was credible and his statement reliable,

"(3) Since experience shows that revealing the identity of the informant or his exact statement in the disciplinary process creates a substantial risk that the informant's identity will be discovered and the informant placed in jeopardy, the disciplinary committee need not know the identity of the informant nor the exact statement to satisfy these standards, but may rely upon conclusory representations and a summary of evidence submitted by the recipient of the confidential information who must be identified."

informants would be in jeopardy if their identity were disclosed.[2] We hold that this is sufficient to support the committee's determination that the identity of the unidentified informants not be revealed. *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974).

We rest our decision partly on a recognition of the uniqueness of a prison environment. In other factual settings more specific findings might be required; however, the possibility of reprisals against an inmate informant, prison employe or other person, and the difficulty of enforcement of prison disciplinary rules without this evidence requires that we afford a greater measure of discretion to prison officials in determining whether informants are to be identified.

This same point was recognized by the United States Supreme Court in *Wolff v. McDonnell,* supra, 418 US at 567, where the majority opinion states that "* * * there would be considerable potential for havoc inside the prison walls * * *" in many cases if "* * * those furnishing evidence against the inmate * * *" were to be identified and subjected to confrontation and cross-examination.

The above rule of the Corrections Division sets forth a standard to be met when information from unidentified informants is to be used. We conclude that those standards have been met.

Affirmed.

---

[2]

"The Disciplinary Committee recognizes the information received from Mr. Keeney as information derived from an unidentified informant that may be received in that good cause does exist to believe that an individual such as this unidentified informant would be in jeopardy or unusual risk of harm if his identity and statement were revealed and further that the informant is creditable and his statement reliable. As required, the recipient of the information is identified as Assistant Superintendent J. C. Keeney."